and Mr. Koslowski. Excellent. So our third case for this morning is Hinterberger versus the City of Indianapolis number 19-3365 and we can proceed. Oh by the way I will let you know when I need to know how much time you've reserved for rebuttal. Thank You Judge Wood. The appellants have reserved two minutes. Okay thanks. So you may proceed. Thank you. May it please the court my name is Michael Koslowski and I represent the plaintiffs appellant Mr. Leif Hinterberger and the related entities in this matter. We are here today asking that you reverse the district court's grant of summary judgment to the city and remand so that this case can be heard on its merits. Mr. Hinterberger's claims have never been heard on their merits. At the district court level this case was resolved on summary judgment based solely on the city's version of the facts. The district court struck Mr. Hinterberger's version the facts. In opposing summary judgment Mr. Hinterberger submitted 135 exhibits and a statement of facts that was two pages long divided into nine sections. All of which was disregarded. Instead the district court relied solely on the city's submitted statement of facts which consisted entirely of 30 numbered paragraphs and cited to only 22 exhibits. So Mr. Koslowski reading the district court's opinion the district court was as you I'm sure well know quite distressed I'll say exasperated with Mr. Hinterberger's statement. The references didn't match up to what they were purporting to be. There wasn't focus I mean there were a lot of things which is why she struck that. Now you still take the city's facts in the light most favorable to Mr. Hinterberger but why did she abuse her discretion in evaluating that submission as she did? The district court of its discretion in striking Mr. Hinterberger statement of facts because the district court ignored actual evidence that was submitted to it on on your judgment. Now I think she I think she thought that whatever that actual evidence was was too hard to find basically I mean she checks out a lot of things and gives quite a few examples of things that seem to be significant deficiencies. Absolutely your honor the district court identified a number of deficiencies like errors to citations or a particular exhibit appearing multiple times or an argumentative statement of facts the to especially syntax and an overly argumentative statement of fact were used to justify its striking of the statement of facts. However the court abused its discretion in doing so because all of the reasons that the district court gave for disregarding Mr. Hinterberger's facts were solely within the ken as I say of Mr. Hinterberger's lawyers. Now I know we know that a client is bound by his lawyer's conduct uh and that the party is made to suffer litigation consequences as a result of both good lawyering and bad lawyering. But here we have a unique scenario where the district court entered a rule to show cause against those responsible for the reasons behind the striking of the statement of facts. Mr. Kozlowski it's um it's Judge Scudder to pick up on what Judge Wood um is asking you do you do you have any issue or do you join issue with any of the particularity of Judge Barker's findings? For example as Judge Wood mentioned Judge Barker takes care to go through um at least two maybe three different examples and she traces out what cited is any of that in your view um you know wrong? Does she make a mistake in that? We do not do with the factual examples given by the district court. The district court is correct when the district court says for example that a particular citation does not necessarily support uh as broad a fact as the sentence that briefing below. However we do dispute the consequence of that based on the district court's order. I understand that yeah that's I understand that point that's a that's a slightly different argument that way. Okay all right cuz I I'll tell you I looked at I I picked two other places just almost randomly in the summary judgment briefing and I I tried to see if I could trace different things out on points that were important and in both instances I ran into trouble and so my my observation is no more from doing that that Judge Barker's distress and exasperation seems well-placed. I agree I agree your honor I also spent quite a And I think that the district court's exasperation consternation even is well-placed with those responsible for the incorrect citation and for those responsible for the argumentative nature of the facts and what we have here is a special situation where the party has been sanctioned as the judge entered a rule to show cause against Mr. Hindenburgers trial counsel but the result that we end up with is diametrically opposed where the party is made to suffer the litigation sanction for conduct that is clearly lawyers work whereas the lawyers were not made to suffer any type of sanction under rule 11 or otherwise for the exact same wrongdoing and that inconsistency is what demonstrates that the district court's opinion here and the result is an unreasonable one I'm sorry just one real brief question and that is let's assume and I know you don't want us to decide it this way that you're perfectly clear on that I get it but let's assume that we strike the plaintiffs version of facts and accept the defense version of facts in their entirety wholesale can you prevail on the merits of any claim if we do that and if so maybe the better way to ask the question is what's your best claim if we were to do that no I know contrary to your wishes the I can answer that in two two parts first whether whether mr. Hindenburger could prevail on any claim sir if the if his statement of facts were stricken and the defendants were adopted wholesale the answer is no the city statement of facts is so narrow and and focuses solely on an entitlement to public funds and does not go through the litany of facts that are set out in the appellant statement of the case here showing a pattern of disparate treatment without that pattern of disparate treatment over a period of years it would be very difficult if not impossible for mr. Hindenburger to prevail on any of the claims asserted that being you know that being said the strongest claim if you know a reasonable inference should be drawn in mr. Hindenburger's favor based on the city's facts the strongest claim would be the I UTS a claim the trade secrets claim given that the facts submitted by the defendant show that there clearly was a real estate development transaction happening here or series of transactions happening and that these types of economic analyses and modeling were exchanged but even that claim strong as as it may be compared to the others is substantially weaker if the plaintiffs facts are completely ignored here as they were on the district court level and that that gets to a broader point which is mr. Hindenburger's claims are in fact much broader than the city has suggested they are and that the district court has also suggested that they are mr. Hindenburger's claims are not about a particular real estate developer being entitled to public money this is not mr. Hindenburger making a federal case out of being entitled to taxpayer dollars the case is much broader and is about calling a local government to account for its mistreatment and it's just here's my problem with this I mean I tried to figure out what what I could distill from from from this record that might be mr. Hindenburger's claim and one thing I thought was possible was an accusation of you know of pay-to-play you know that if you don't contribute to the mayor then you don't get the contracts we unfortunately have some experience of that in in Chicago so I thought maybe that but but that's not really spelled out at all there are tremendous number of things where mr. Hindenburger didn't ever fulfill the conditions that the which the city itself points out but cities have I mean there's a lot of red tape if you're gonna deal with cities and and I don't know why mr. Hindenburger is exempt from it I understand your point about the if there had been some focus on what exactly was the trade secret how was it a conveyed how did the city use it then maybe but but I found so many gaps I just couldn't quite sharpen it into a couple of points thank you I'd like to try to do that for you now to be clear mr. Hindenburger is not suggesting that he'd be exempt from the red tape everyone knows there's red tape in local government especially in the real estate business the issue is that mr. Hindenburger ought to be subject to the same red tape as everyone else and he was not here and the facts the facts that support that are the Brown and Coil project that's a similarly situated developer in the same area that was not subject to the litany of different requirements that mr. Hindenburger was the Brown and Coil project was also led by a campaign contributor and the issue here of mr. Hindenburger not being able to satisfy the requirements I agree is troubling at first for mr. Hindenburgers claims until you are able to back out and take the larger view and realize that at each instance at each key point throughout mr. Hindenburgers relationship with the city the city changed those requirements first at the very beginning it was adding lot six through nine four to be an affordable housing component and then once that was done it was changing it and requiring LEED certification and then once that was done there was another other requirements added throughout the years that served to slow down and mire mr. Hindenburgers project while other projects like the Brown and Coil project were not subject to the same red tape and weren't back fast-tracked and I'd see that my principal time here is expired so yes go ahead and stop for now thank you very much great thank you very much mr. Wilfund thank you may it please the court and Chief Judge Wood my name is Adam Wilfund and I represent the Appalachee City of Indianapolis this is a case about misunderstandings Hindenburgers did not understand what was required of him to obtain public funds from the city for his real estate project and later in litigation he did not understand what local rule 56 one required of him in the face of a summary judgment motion but misunderstandings don't lead to do-overs and regardless of what mr. Hindenburgers may claim that's what this appeal is really all about now case law from this circuit provides substantial deference to district court to enforce their own local rules this is doubly true when it comes to local rules governing summary judgment and as the sprawling record demonstrates if there was ever a case for a court to exercise that discretion to strike a non-movement factual statement for non-compliance this was it but even if this court decides that the district court abused its discretion in striking Hindenburgers factual statement the evidence designated still fails to create a genuine factual dispute on any of the constitutional claims or state law claims he brought mr. Wilfund I should have asked mr. Kozlowski this but you may know the answer that was the district courts how many chances did the district court did did not provide any additional chances after issuing it's a summary judge door which struck an entirety of mr. Hindenburgers facts and ruled on the the summary judgment motion itself in one fell swoop right so that's that's what I thought so is there any reason to find an abuse of discretion simply in the fact that the district court didn't give him one more chance to very substantially pare it down and also of course make the the record references accurate I'll say I haven't seen any case law from this circuit chief judge would that says that you know when a district court does not provide an additional opportunity to cure any sort of deficiencies that somehow that constitutes an abuse of discretion mr. Hindenburger wasn't pro he was represented by competent counsel and so I don't think that that gets the abuse of discretion standard there so with the abuse of discretion standard there has to be there has to be the record has to contain no evidence on which a district court could rationally come to the conclusion that it did here there's plenty in the record which allowed the district court to strike mr. Hindenburgers factual statement for non-compliance the district court spent a pretty generous amount of time trying to make sense of mr. Hindenburgers citations the evidence parsing through the argument versus what the actual facts were and pretty understandably threw up his hands and just said well I can't do it and and there's ample case law from this circuit that provide her with the provided the district judge with that with the abuse of discretion to do that and that's especially the case with the Southern District of Indiana which is the second busiest federal judicial district in the United States second only to the Southern District of New York the district court found that the mr. Hindenburger made no attempt to actually controvert what was in the city's statement of facts it was filled with irrelevant information legal argument and insinuation and that sort of thing now Hindenburgers argument is that the district court abused its discretion and striking its fact statement because no reasonable person could agree that a court can penalize a party while also declining the sanction that party's lawyer well this argument assumes and Hindenburger makes clear in his reply that a district court can either only sanction both the party and the lawyer or neither that's just not true if anything the opposite is true district courts have wide latitude in determining when to impose sanctions and against whom as mr. Hindenburgers counsel points out an attorney acts or omissions are always going to be imputed to the client that's just the that's the law of agency that our legal system is built on so and I might add that within the attorney-client relationship if the client is unhappy with something the attorney is done there are ordinary remedies there could even be legal malpractice or there could be other remedies that maybe the court didn't want to get involved with you took the words right out of my mouth let's you judge would if to the extent there's any remedy itself as this court has mentioned on a few different occasions it's not continuing the litigation against the the original party it's a you know initiating a malpractice action against the wrongdoer for potential legal malpractice so in sum the district court didn't abuse its discretion here there's ample case law for it to have done what it what it did and as this court has said if if a party fails to comply with local rule that party has to suffer the consequences regardless of how harsh it might be the other point I'd like to address is concerning mr. Hindenburgers constitutional claims on various occasions this court has emphasized that it differs to the litigants themselves how to best frame and pursue their claims and the Supreme Court actually just reaffirmed this principle earlier last month now in his reply mr. Hindenburgers states that he has framed all his constitutional claims as Manel claims he's suing the city under section 1983 he's asking for damages he's alleging that these that the injuries were caused by a custom or policy and he hasn't sued an individual state actor that's on page page eight of his reply this is one of the most important wrinkles of his lawsuit is because even if he proves any constitutional claim whether that's protection due process or whatever in order to prevail on the Manel claims there still has to be enough competent evidence that a city policy practice or custom actually caused those injuries that a number of prior previous prior incidents existed to even call it a policy practice or custom and that city officials were deliberately indifferent towards it now the evidence whether that's Hindenburgers 135 exhibits or just the city's factual statement is insufficient to send this case to a jury to decide those those constitutional claims now I believe the the city is brief adequately lays out our parties or my party's position unless the court has has specific questions I don't really have anything else to add I will stand on my brief thank you thank you very much I see no further questions so you saved two minutes mr. Kozlowski and and you may have them Thank You chief judge would I just like to address two points quickly the first is that this case is excuse me is that this appeal is not seeking a do-over it's really seeking a do mr. Hindenburger would like and requests that this court remand to the district court so that all of the facts that are laid out in the statement of the case on appeal which were all drawn from the summary judgment materials can be adjudicated and heard by the trier effect and that gets to the second point which is and this is addressed in the briefs at length and so I won't go through it in detail here but contrary to what mr. will fund just said mr. Hindenburger did in fact present actual evidence on which a reasonable juror could rely in finding in mr. Hindenburgers favor on each claim alleged and therefore summary judgment was inappropriate and remand for trial is the that of all these zoom conferences that I have done this has been the most streamlined and efficient and I can say that I was hardly surprised by that well thank you very much the the court staff will appreciate your praise for them we are in their debt for sure so thanks to both counsel we will take this case under advisement and we will move on to the next one thank you